No. 22-1795

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

COLLEEN REILLY; BECKY BITER,

Plaintiffs–Appellants

*v.*

CITY OF HARRISBURG; HARRISBURG CITY COUNCIL;
ERIC PAPENFUSE, in his official capacity as Mayor of Harrisburg,

Defendants–Appellees

On Appeal from the United States District Court
for the Middle District of Pennsylvania
in Case No. 1:16-cv-00510-SHR before The Honorable Sylvia H. Rambo

**REPLY BRIEF OF PLAINTIFFS–APPELLANTS**

Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
court@LC.org | hmihet@LC.org
rgannam@LC.org | dschmid@LC.org

*Attorneys for Plaintiffs–Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ........................................................................................ 1

ARGUMENT ................................................................................................ 3

I. THE CITY INVOKES WRONG STANDARDS OF REVIEW AND DECISION TO AVOID SCRUTINY OF THE DISTRICT COURT'S FAULTY ANALYSIS. ................................................................................ 3

   A. The Plenary De Novo Standard Governs the Court's Review of the District Court's Summary Judgment Order, Not the Deferential "Clear Error" Standard. ................................................................................ 3

   B. Plaintiffs' As-Applied Challenge to the City's Ordinance Enforcement Policy Is Not Based on Failure to Train or Supervise, and Therefore Not Subject to "Deliberate Indifference" or "Single Incident" Rules. ...... 5

   C. Plaintiffs' As-Applied First Amendment Claims Do Not Require Proof of "Retaliation" Elements. .............................................................. 7

II. THE CITY HAS FAILED TO CONTROVERT, WITH RECORD EVIDENCE, THE MATERIAL FACTS ENTITLING PLAINTIFFS TO JUDGMENT. ................................................................................ 8

   A. Rulings on the Facial Validity of the Buffer Zone Ordinance Do Not Refute Plaintiffs' As-Applied Claims. ..................................................... 9

   B. The City Failed to Refute Plaintiffs' Constitutional Injuries. ............... 11

CONCLUSION........................................................................................... 12

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ................................................................................ 13

CERTIFICATE OF SERVICE AND VIRUS CHECK ............................. 14

CERTIFICATE OF IDENTICAL COMPLIANCE .................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................... 3,4

*B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293 (3d Cir. 2013) ............. 4

*Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221 (3d Cir. 2021) .................... 3,4

*Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*,
  589 F. Supp. 382 (E.D. Cal. 1984) ......................................................... 9

*Kiewit E. Co., Inc. v. L & R Const. Co., Inc.*, 44 F.3d 1194 (3d Cir. 1995) ............ 8

*McCullen v. Coakley*,
  573 U.S. 464 (2014) ........................................................................ 12

*Monell v. Dep't of Soc. Services of City of New York*,
  436 U.S. 658 (1978) ................................................................. 5,6,9,10

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ...................................... 6,10

*Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*,
  998 F.2d 1224 (3d Cir. 1993) ............................................................. 3,4

*Porter v. City of Philadelphia*, 975 F.3d 374 (3d Cir. 2020) ............................. 10

*Reilly v. City of Harrisburg*,
  858 F.3d 173 (3d Cir. 2017) ................................................................ 8

*Reilly v. City of Harrisburg*,
  336 F. Supp. 3d 451 (M.D. Pa. 2018) ..................................................... 12

*Reilly v. City of Harrisburg*,
  790 F. App'x 468 (3d Cir. 2019) ............................................................ 1

*Salvia v. Fell*, No. 14-CV-237-WMC,
  2016 WL 1274620 (W.D. Wis. Mar. 31, 2016) ............................................. 9

*Thomas v. Cumberland Cnty.*, 749 F.3d 217 (3d Cir. 2014) ............................. 5,6

*Thomas v. Independence Twp.*, 463 F.3d 285 (3d Cir. 2006) ................................ 7

*Williams v. Ponik*, 822 F. App'x 108 (3d Cir. 2020) .......................................... 5

**STATUTES**

42 U.S.C. § 1983 .................................................................................... 5,10

Fed. R. Civ. P. 30 ...................................................................................... 11

Fed. R. Civ. P. 56 ....................................................................................... 3

Harrisburg Code Ch. 3-371 ..................................................................... *passim*

U.S. Const. amend. I .................................................................................. 7

# INTRODUCTION

After this latest round of briefing, two incontrovertible facts remain: The City had an Ordinance enforcement policy prohibiting Plaintiffs' peaceful, one-on-one sidewalk counseling[1] within the buffer zone, and the City actually applied its enforcement policy against Plaintiffs. To be sure, the City admitted its policy against peaceful buffer zone conversations in its briefing below, telling the district court that Plaintiffs would be guilty of "congregating" under the Ordinance "if they stood or walked with other individuals inside the zone" (R.151, Defs.' Summ. J. Opp'n Br., 42–43; R.160, Defs.' Summ. J. Reply Br., at 36)—at least one of which (standing or walking) is necessary for any conversation within the zone—and fails to escape the policy in its brief to this Court. The City's restriction on Plaintiffs' protected speech cannot survive any level of First Amendment scrutiny, and Plaintiffs are therefore entitled to judgment as a matter of law on their as-applied First Amendment claims challenging the City's incontrovertible Ordinance enforcement policy.

The City's brief fails to controvert the *material* facts of record—i.e., *the facts that matter*—or otherwise defeat Plaintiffs' entitlement to judgment as a matter

---

[1] For ease of reference, and unless otherwise indicated, the term "sidewalk counseling" includes peaceful, one-on-one conversations, leafleting, and prayer. *Cf. Reilly v. City of Harrisburg*, 790 F. App'x 468, 471 (3d Cir. 2019).

of law. Rather, the City demands deference to the district court's conclusions under a "clear error" standard unknown to summary judgment proceedings, and repeatedly invokes prior rulings on Plaintiffs' *facial* challenge of the Ordinance, without seriously engaging Plaintiffs' *as-applied* arguments. To be sure, neither this Court nor the district court held that the City's Ordinance enforcement policy prohibiting sidewalk counseling, as applied to Plaintiffs, satisfies narrow tailoring under any level of scrutiny. Nor could it: The City has no compelling or legitimate interest in eliminating peaceful, one-on-one sidewalk counseling outside abortion facilities. Moreover, the City's Ordinance enforcement policy against peaceful counseling within the buffer zone is not narrowly tailored to preventing violent confrontations or any other ostensible justification for passing the Ordinance. Thus, the prior narrowing constructions do not, and cannot, excuse the actual Ordinance enforcement policy pressed by the City both before and at every stage of this litigation. The incontrovertible record of the City's established Ordinance policy and actual application against Plaintiffs entitle Plaintiffs to judgment as a matter of law.

# ARGUMENT

## I. THE CITY INVOKES WRONG STANDARDS OF REVIEW AND DECISION TO AVOID SCRUTINY OF THE DISTRICT COURT'S FAULTY ANALYSIS.

### A. The Plenary De Novo Standard Governs the Court's Review of the District Court's Summary Judgment Order, Not the Deferential "Clear Error" Standard.

As shown in Plaintiffs' brief, the Court reviews de novo a district court's grant and denial of cross-motions for summary judgment, considering each movant's case. (Br. 16.) This "standard of review is plenary, meaning [the Court] review[s] anew the District Court's summary judgment decisions, applying the same standard it must apply." *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229–30 (3d Cir. 2021). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Ellis*, 11 F.4th at 229–230. "Where the movant has produced evidence in support of its motion for summary judgment, the nonmovant cannot rest on the allegations of pleadings and must do more than create some metaphysical doubt." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Rather, to avoid summary judgment, the nonmoving party must establish a factual issue that is both material ("might affect the outcome of the suit under the governing law") and genuine ("such that a reasonable jury could return a verdict

for the nonmoving party"). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining the presence or absence of genuine issues of disputed fact, however, neither this Court nor the district court "is . . . to weigh the evidence or make credibility determinations" like the fact-finder at trial. *Petruzzi's IGA*, 998 F.2d at 1230. Thus, the Court should reject the City's attempt to supplant the Court's plenary, de novo review of the district court's order with the deferential "clear error" standard stolen from preliminary injunction cases where district courts must *resolve* disputed issues of fact. (City Br. 2–3 (citing, *e.g.*, *B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293, 301–02 (3d Cir. 2013).) To be sure, the City bases its entire framing of the issues in this appeal on the inapposite clear error standard (City Br. 3 ("Did the District Court commit clear error . . . .")), which mistake fatally infects its argument as well:

> The District Court made **extensive factual findings** to support its decision to grant summary judgement to the City. Because the District Court did not make a **clear error** in granting summary judgment to the City, this Court should **defer** to the judgment of the District Court **the fact-finder**.

(City Br. 19 (emphasis added).)

In performing its plenary review of the district court's order—reviewing it "anew," *Ellis*, 11 F.4th at 229–230—this Court owes the district court no deference. On the record "as a whole," *Petruzzi's IGA*, 998 F.2d at 1230, the City has

4

not adduced any *material* fact to controvert Plaintiffs' evidence of the City's established policy and actual enforcement. Thus, there is no *genuine* issue of fact, and Plaintiffs are entitled to judgment as a matter of law.

### B. Plaintiffs' As-Applied Challenge to the City's Ordinance Enforcement Policy Is Not Based on Failure to Train or Supervise, and Therefore Not Subject to "Deliberate Indifference" or "Single Incident" Rules.

In a second fundamental error, the City attempts to subject Plaintiffs' as-applied claims to the inapposite "deliberate indifference" standard. (City Br. 9 ("Plaintiffs have not established that City policymakers acted with deliberate indifference to support an as-applied claim regarding the Ordinance."), 45–50.) In the *Monell*[2] context, however, "deliberate indifference" applies only to a claim of municipal failure to train or supervise its employees. *See, e.g., Williams v. Ponik*, 822 F. App'x 108, 113 (3d Cir. 2020) ("To make out a claim under a failure to train or supervise theory, the plaintiff must show that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." (cleaned up)); *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) ("Where the policy concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom

---

[2] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

those employees will come into contact." (cleaned up)). Thus, the "deliberate indifference" standard, and subsidiary "single incident" rule, cannot apply here because Plaintiffs do not assert that Harrisburg violated their rights by failing to train its Police Bureau or supervise its enforcement of an otherwise constitutional policy.

Rather, as shown in Plaintiffs' brief (Br. 16–31), Plaintiffs claim—and have proved with unequivocal and undisputed testimony of multiple City officials—that the City's established Ordinance enforcement policy actually prohibited Plaintiffs' sidewalk counseling within the buffer zone, that the Police Bureau actually enforced the policy against Plaintiff Reilly, and that the City subsequently ratified the policy. This proof of an established policy which was actually enforced against Plaintiffs fully satisfies the *Monell* requirements for the City's liability on Plaintiffs' as-applied claims. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 n.6 (1986) ("Once a municipal policy is established, it requires only one application to satisfy fully *Monell*'s requirement that a municipal corporation be held liable only for constitutional violations resulting from the municipality's official policy." (cleaned up)). No more is required from Plaintiffs.

### C. Plaintiffs' As-Applied First Amendment Claims Do Not Require Proof of "Retaliation" Elements.

The City also misstates the fundamental First Amendment standards that govern Plaintiffs' claims. In its brief, the City cites *Thomas v. Independence Township*, 463 F.3d 285 (3d Cir. 2006), for the elements of a First Amendment "retaliation" claim. (City Br. 22–23.) But "retaliation" is not a claim asserted by Plaintiffs. Contra the plaintiffs in *Thomas*, Plaintiffs here have never alleged that the City adopted its Ordinance enforcement policy to retaliate against Plaintiffs for exercising their First Amendment rights. *See* 463 F.3d at 296 ("Here, the complaint alleges that the Individual Defendants have engaged in a campaign of harassment and intimidation in retaliation against plaintiffs for exercising their First Amendment rights.").

The correct First Amendment standards for Plaintiffs' as-applied claims are supplied in Plaintiffs' Brief. (Br. 31–53.) As shown therein (Br. 16–39) and above (Pt. I.B, *supra*), the undisputed factual record proves the City established an Ordinance enforcement policy prohibiting Plaintiffs' sidewalk counseling, actually applied the policy against Plaintiffs, and later ratified the policy. Against this showing that the City's Ordinance enforcement policy restricts Plaintiffs' protected sidewalk counseling speech within the buffer zone, it is the City's burden to prove the constitutionality of its enforcement policy, which requires the City

to "justify its restriction on speech under whatever level of scrutiny is appropriate (intermediate or strict) given the restriction in question." *See Reilly v. City of Harrisburg*, 858 F.3d 173, 180 & n.5 (3d Cir. 2017). But the City has never even tried to argue that the "restriction in question," as actually applied to Plaintiffs, satisfies the First Amendment. (Br. 31 (citing R.162, Mem., JA11 ("The City does not argue any justification for restricting peaceful one-on-one conversations and leafletting.")).) In any event, the City has no compelling or legitimate interest in eliminating peaceful, one-on-one sidewalk counseling outside abortion facilities. Moreover, the challenged policy prohibiting peaceful sidewalk counseling within the buffer zone is not narrowly tailored to preventing violent confrontations or any other ostensible justification for passing the Ordinance. Neither this Court nor the district court held that the City's Ordinance enforcement policy, as applied to Plaintiffs, satisfies narrow tailoring under any level of scrutiny, and the City has waived the argument. *See Kiewit E. Co., Inc. v. L & R Const. Co., Inc.*, 44 F.3d 1194, 1203–04 (3d Cir. 1995).

## II. THE CITY HAS FAILED TO CONTROVERT, WITH RECORD EVIDENCE, THE MATERIAL FACTS ENTITLING PLAINTIFFS TO JUDGMENT.

Plaintiffs' brief thoroughly presents and discusses the undisputed record facts entitling Plaintiffs to judgment as a matter of law. The City's brief fails to offer any material refutation of those facts.

### A. Rulings on the Facial Validity of the Buffer Zone Ordinance Do Not Refute Plaintiffs' As-Applied Claims.

The City devotes the vast majority of its brief to arguments based on this Court's and the district court's prior decisions holding the buffer zone Ordinance facially valid. (City Br. 8–42.) But the Court should reject the City's false premise that the buffer zone Ordinance itself is the only policy that matters.

First, as shown above and in Plaintiffs' brief, the City maintained an Ordinance *enforcement* policy that prohibited Plaintiffs' sidewalk counseling, even after this Court's and the district court's narrowing constructions. (Br. 6–7, 18–22.) Second, no case in the *Monell* line relieves a city of liability for its unconstitutional *applications* of a challenged ordinance simply because a court subsequently applied a narrowing construction to uphold the ordinance on its face. *See, e.g.*, *Salvia v. Fell*, No. 14-CV-237-WMC, 2016 WL 1274620, at *10 & n.9 (W.D. Wis. Mar. 31, 2016) ("But this court is not concerned with the statute on its face; it is concerned only with [police officers'] application of the statute to [plaintiff] under the circumstances presented [at the time]."); *Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*, 589 F. Supp. 382, 388–89 (E.D. Cal. 1984) (holding appellate court's narrowing construction inapposite to finding of unconstitutional application of statute that preceded the narrowing construction), *rev'd on other grounds*, 739 F.2d 466 (9th Cir. 1984). Under *Monell*, it does

not matter whether the Ordinance enforcement policy the City unconstitutionally applied to Plaintiffs was a correct facial interpretation of the Ordinance under subsequent narrowing constructions.

Moreover, as this Court has made clear, "[a] policy need not be passed by a legislative body, or even be in writing, to constitute an official policy for the purposes of § 1983." *Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020). "To be sure, 'official policy' often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur*, 475 U.S. at 480–81. For example, in *Porter*, there was "uncontroverted evidence from multiple witnesses . . . that the City had an unwritten policy," 975 F.3d at 383, which the Court thus concluded "was an official policy of the City for purposes of § 1983 liability under *Monell*." 975 F.3d at 384. Likewise, here, when designated by the City to testify, under oath, as to what the City's official policy on interpretation, application, and enforcement of the Ordinance *is*, both the City Solicitor and Police Captain testified unequivocally that the Ordinance, *as the City interprets and applies it*, prohibits peaceful, one-on-one sidewalk counseling and leafleting against abortion within the buffer zone. (Br. 18–22.) In an as-applied challenge such as this, there is *no*

*better evidence* of what the City's Ordinance enforcement policy *is* than the testimony of its designated Rule 30(b)(6) witnesses on the application and enforcement of the Ordinance. (Br. 20–22.)

Furthermore, the unrefuted testimony of Plaintiff Reilly is that the City actually applied its Ordinance enforcement policy against her. (Br. 22–26.) And Captain Moody, as the City's Rule 30(b)(6) witness, confirmed the Police Bureau's intimidation of Reilly out of the buffer zone and into silence was "the proper course" by "a very sound-minded officer . . . and a very good community police officer." (R.59-1, Moody Dep., JA132 (27:7–18), JA133–JA136 (31:8–43:10); Br. 27–28.)

Thus, the abundant, undisputed evidence, from the City's own testimony, establishes an unconstitutional enforcement policy to prohibit peaceful counseling under the buffer zone Ordinance, actually enforced against Plaintiffs. Neither the district court's narrowing construction of the Ordinance in 2018, nor this Court's narrowing construction in 2019, changed what the City's enforcement policy was, in fact, in 2014, 2015, 2016, and 2017.

## B. The City Failed to Refute Plaintiffs' Constitutional Injuries.

Finally, the City's brief fails to refute Plaintiffs' evidence that the City's Ordinance enforcement policy—as unequivocally established and actually enforced—injured Plaintiffs by chilling their protected speech within the buffer

zone. (Br. 22–26, 35–39.) The upshot of the City's lengthy rehearsal of facts (City Br. 25–29) is merely that the City's Ordinance and enforcement policy allowed Plaintiffs to engage in *some* speech *outside* the buffer zone. But none of these facts is *material* to Plaintiffs' claims because Plaintiffs still could not engage in the constitutionally protected speech they wanted to engage in—peaceful sidewalk counseling within the buffer zone where it counted the most. (Br. 36–37.) "The Supreme Court in *McCullen* held that counsellors have a right not only to speak in public fora, but to have their speech heard in an effective manner." *Reilly v. City of Harrisburg*, 336 F. Supp. 3d 451, 463 (M.D. Pa. 2018) (citing *McCullen v. Coakley*, 573 U.S. 464 (2014)). That Plaintiffs could engage in some speech outside the buffer zone does not justify the Ordinance enforcement policy or refute that the policy made Plaintiffs unable to communicate in the effective manner they desired.

## CONCLUSION

For the foregoing reasons, the Court should reverse the district court's summary judgment for Defendants and denial of summary judgment for Plaintiffs, and remand the case for entry of judgment for Plaintiffs as a matter of law.

Respectfully submitted:

s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
court@LC.org | hmihet@LC.org
rgannam@LC.org | dschmid@LC.org

*Attorneys for Plaintiffs–Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). Not counting the items excluded from the length by Fed. R. App. P. 32(f), this document contains 2,651 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Calisto MT font.

DATED this March 3, 2023.

s/ Roger K. Gannam
Roger K. Gannam
*Attorney for Planitiffs–Appellants*

## CERTIFICATE OF SERVICE AND VIRUS CHECK

I hereby certify that a true and correct copy of the foregoing was filed electronically using the Court's Electronic Case Filing (ECF) system which will effect service by sending a Notice of Docket Activity (NDA) to all registered attorneys in the case. Prior to electronic submission a virus check was performed using Microsoft Defender, and no virus was found.

DATED this March 3, 2023.

s/ Roger K. Gannam<br>
Roger K. Gannam<br>
<i>Attorney for Plaintiffs–Appellants</i>

## CERTIFICATE OF IDENTICAL COMPLIANCE

I hereby certify that the electronically filed version of this brief is identical to the paper copies provided to the Court.

DATED this March 3, 2023.

s/ Roger K. Gannam<br>
Roger K. Gannam<br>
<i>Attorney for Planitiffs–Appellants</i>